IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| DEMAR WORRELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:23CV7 |
| ) | |
| NORTH CAROLINA DIVISION OF ) | |
| MOTOR VEHICLES OF THE CITY OF ) | |
| RALEIGH, NORTH CAROLINA ) | |
| Defendant. ) | |

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court upon *pro se* Plaintiff Demar Worrell's amended application to proceed *in forma pauperis* (IFP) pursuant to 28 U.S.C. § 1915(a). (Docket Entry 4.) Plaintiff has also filed a copy of his Complaint with attached documents. (Compl., Docket Entry 2.) Additionally, before the Court is Plaintiff's Motion for Appointment of Counsel (Docket Entry 5); Plaintiff's Motion for an Answer (Docket Entry 9); and Plaintiff's Motion for Summons and Complaint (Docket Entry 17). For the following reasons, the Court will grant Plaintiff IFP status for the limited purpose of recommending dismissal of this action for seeking monetary relief against a defendant who is immune from such relief. Further, the Court denies as moot Plaintiff's Motions for Appointment of Counsel, for an Answer, and for Summons and Complaint.

## I. BACKGROUND

Plaintiff initiated this lawsuit on January 4, 2023. (*See generally* Compl.) In his Complaint, Plaintiff raises claims against the North Carolina Division of Motor Vehicles of

Raleigh, North Carolina ("NCDMV") in violation of 42 U.S.C. § 1983. (Compl. at 1.)[1] Specifically, Plaintiff states that NCDMV violated fourteen constitutional amendments. (*Id.*) Plaintiff alleges that NCDMV suspended his license for failure to "Deposit Security" for his Wayne County criminal case. (*Id.*) Plaintiff further alleges that he was given an "unlawful suspension" of driving privileges because there was no finding, as required by state law, before the suspension that Plaintiff intentionally did not deposit security. (*Id.*) Additionally, Plaintiff alleges that since 1997 he has suffered financial loss from not being able to obtain a "driving job" from CDL truck driving, has been incarcerated for driving charges, has been falsely imprisoned, and has suffered mental stress. (*Id.*) For relief, he seeks compensatory and punitive damages. (*Id.*) Plaintiff also attached numerous documents including Plaintiff's 2022 State petition for limited driving privilege, which indicated that Plaintiff was permitted to drive for work-related purposes during specified time periods. (Docket Entry 2-1 at 1-4.) He also attached a notice of a proposed settlement in a class action regarding suspended driver's licenses for non-payment. (*Id.* at 11-14.)

Subsequently, Plaintiff filed a Motion for Appointment of Counsel, stating that he is unable to afford counsel, that the issues in this case are complex, and that this case will require significant research and investigation, which Plaintiff cannot accomplish. (*See* Docket Entry 5.) Plaintiff also filed a Motion for an Answer, indicating that he filed a notice of a lawsuit and request to waive service of a summons with NCDMV's Special Deputy Attorney General, but had not received an answer. (*See* Docket Entry 9.) Thereafter, Plaintiff filed a "request

---

[1] Unless otherwise noted, all citations in this order and recommendation to documents filed with the Court refer to the page numbers located at the bottom right-hand corner of the documents as they appear on CM/ECF.

for Summons and Complaint" to be issued to NCDMV because NCDMV had failed to respond to his Motion for an answer. (*See* Docket Entry 17.) He also attached numerous documents, including a copy of the Complaint, the notice of a lawsuit and request to waive service of a summons, and e-mail correspondence from the Special Deputy Attorney General indicating that he would discuss the waiver of service and summons with NCDMV and describing Plaintiff's settlement offers. (*See* Docket Entries 17-1, 17-2.)

## II. DISCUSSION

Plaintiff seeks IFP status, thus the Court will review the Complaint to determine whether dismissal is appropriate because it is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Michau v. Charleston Cnty.*, 434 F.3d 725, 728 (4th Cir. 2006). "Dismissal of an action . . . is appropriate when it lacks an arguable basis in law or fact." *Jones v. Sternheimer*, 387 F. App'x 366, 368 (4th Cir. 2010). A frivolous complaint "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Alternatively, a complaint that does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" must be dismissed. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. *Pro se* complaints are to be construed liberally and "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation omitted). Furthermore, pursuant to the "Eleventh Amendment

3

of the United States Constitution, a State is immune from suits in federal courts that seek monetary damages." *Bailey v. Marsh*, No. 5:09CV180, 2009 WL 1705610, at *2 (E.D.N.C. June 11, 2009) (unpublished). "This immunity extends to 'arms of the state,' including state agencies and state officers acting in their official capacity." *Id.* (citations omitted).

Applicable here is the final ground for dismissal under § 1915(e)(2)(B), as NCDMV is an agency of the state of North Carolina and is covered by the state's immunity to the extent it has not been waived or abrogated. *See Hall v. Cumberland Cnty.*, No. 5:17CV348, 2017 WL 5986468, at *4 (E.D.N.C. Sept. 14, 2017) (unpublished), *report and recommendation adopted*, 2017 WL 5973406 (E.D.N.C. Dec. 1, 2017) (unpublished); *see also Weaks v. N.C. Dep't of Transp.*, 761 F.Supp.2d 289, 296 (M.D.N.C. 2011) (concluding that defendants, including the Division of Motor Vehicles, were immune from a direct action under § 1983). For relief, Plaintiff only seeks monetary damages. (*See* Compl.) There is nothing in the allegations of the Complaint or the claims alleged from which the Court could find that the state has waived its immunity or that immunity has been abrogated. Therefore, it is recommended that this action be dismissed, as NCDMV is the only named defendant and it is immune from suit for monetary damages.

    a. <u>Motion for Appointment of Counsel</u>

The court may appoint counsel in civil cases only when exceptional circumstances exist. *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975). "Whether the circumstances are exceptional depends on the type and complexity of the case, and the abilities of the individuals bringing it." *Lowery v. Bennett*, 492 F. App'x 405, 411 (4th Cir. 2012) (internal quotations and citation omitted). "If it is apparent to the district court that a pro se litigant has a colorable

4

Case 1:23-cv-00007-LCB-JLW   Document 18   Filed 06/15/23   Page 4 of 5

claim but lacks the capacity to present it, the district court should appoint counsel to assist him." *Gordon v. Leeke*, 574 F.2d 1147, 1153 (4th Cir. 1978). Here, Plaintiff has not demonstrated that this is an exceptional case warranting appointment of counsel at this juncture. Further, Plaintiff has not demonstrated that he has a colorable claim and Plaintiff's submissions thus far show that he is capable of representing himself in this matter. Additionally, in light of the undersigned recommending dismissal of Plaintiff's Complaint, Plaintiff's Motion for appointment of counsel is denied as moot.

b. Plaintiff's Additional Motions

Plaintiff also filed motions requesting, as best the Court can tell, an answer from NCDMV and requesting for summons and the Complaint to be issued to NCDMV. (Docket Entries 9, 17.) However, in light of the undersigned recommending dismissal of Plaintiff's Complaint, the Court will deny Plaintiff's motions as moot.

### III. CONCLUSION

Accordingly, **IT IS THEREFORE ORDERED** that *in forma pauperis* status is **GRANTED** for the sole purpose of entry of this Order and Recommendation. **IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of Counsel (Docket Entry 5), Motion for an Answer (Docket Entry 9), and Motion for Summons and Complaint (Docket Entry 17) are **DENIED AS MOOT**. **IT IS RECOMMENDED** that the Complaint be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

_____
Joe L. Webster
United States Magistrate Judge

June 15, 2023